

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Attention: Mr. T. M. Trimble

Opinion No. 0-2623
Re: Proper procedure to be followed by tax authorities of Meridian Independent School District to collect the tax rate of $1.00 voted upon consolidation of said school district with Midway District No. 63, Bosque County, a common school district.

By your letter of August 10, 1940, you submit for the opinion of this department, the following question:

"At the request of Mr. Oscar L. Rorie, Superintendent of the Meridian Public Schools, Meridian, Texas, I am submitting the following question for your consideration and opinion:

"'Midway District #63, Bosque County was consolidated by election with the Meridian Independent School District on the 4th day of June, 1940. Following the election for consolidation, an election was held on the 6th day of August to equalize the tax rate and to assume the bonded indebtedness in the newly created Meridian Independent School District. The election carried for the equalization of the tax rate and the assuming of the bonded indebtedness.

"'The Midway Common School District #63, Bosque County had been assessed by the County Assessor-Collector at the rate of fifty cents (50¢) before the consolidation and the equalization of the tax rate. Since the consolidation, the Meridian School

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Board has by proper resolution released the County Assessor-Collector from any further responsibility in the matter of assessing and collecting taxes for the once Midway District, which is now a part of the Meridian Independent School District and therefore under the jurisdiction of the Meridian School Assessor-Collector.

"'We wish to know what procedure to follow to collect the new rate of one dollar ($1.00) now imposed upon the property of the former Midway District for this year?'"

It is assumed that the common school district and independent school district involved in this inquiry, were consolidated under the authority of Article 2806, Vernon's Annotated Revised Civil Statutes of Texas, and that an election or elections became necessary under Article 2807, Vernon's Annotated Revised Civil Statutes of Texas, for the assumption of the outstanding bonds of the component districts and the voting of a new tax rate within the limits and in the mode and manner required by Articles 2784 and 2785, Vernon's Annotated Revised Civil Statutes of Texas.

It does not appear from your letter that any question is made as to the regularity or legality of the proceedings taken under the above cited statutes, nor is any difficulty, present or anticipated, in the collection of the newly voted tax of this consolidated district, presented by your letter. As we interpret the inquiry, it merely appears that the writer of the letter desires to be advised, generally, of the proper procedure to be followed in the collection of the taxes in question. Strictly speaking, this calls for no opinion of this department upon a question of statutory construction, and we need only point to the statutes in such cases made and provided.

Article 2784, Vernon's Annotated Revised Civil Statutes, empowers school trustees for independent school districts to levy and cause to be collected the annual taxes voted upon the district under the statutory provisions hereinabove adverted to, and fixes the purposes and amount for which such taxes may be levied. In this connection, Article 2790, Vernon's Annotated Revised Civil Statutes of Texas, provides, in part, as follows:

Hon. L. A. Woods, page 3.

"If an independent school district votes a
maintenance tax, the board of trustees shall
thereafter annually levy and cause to be as-
sessed and collected upon the taxable property
in the limits of the district for the maintenance
of the public free schools of the said district
such ad valorem tax as the qualified voters of
such district authorized at the election held for
that purpose; or if no specific rate has been
voted, said board shall levy such a rate each
year within that limit as it may deem judicious.
. . ."

If the Meridian Independent School District has
elected to assess and collect its own taxes, and, for this
purpose, has its own assessor and collector of taxes, as
indirectly appears to be the case from your letter, then
the terms and provisions of Article 2791, Vernon's Anno-
tated Revised Civil Statutes of Texas, would govern:

"The district tax assessor and collector
shall have the same power and shall perform the
same duties with reference to the assessment and
collection of taxes for free school purposes that
are conferred by law upon the city marshal of in-
corporated towns or villages, and he shall re-
ceive such compensation for his services as the
board of trustees may allow, except in cities and
towns provided for, not to exceed four per cent
of the whole amount of taxes received by him. He
shall give bond in double the estimated amount of
taxes coming annually into his hands, payable to
and be approved by the president of the board,
conditioned for the faithful discharge of his du-
ties, and that he will pay over to the treasurer
of the board all funds coming into his hands by
virtue of his office as such assessor and collec-
tor; provided that in the enforced collection of
taxes the board of trustees shall perform the du-
ties which devolve in such cases upon the city
council of an incorporated city or town, the
president of the board of trustees shall perform
the duties which devolve in such cases upon the
mayor of an incorporated city or town, and the
county attorney of the county in which the inde-
pendent school district is located shall perform

Hon. L. A. Woods, page 4.

the duties which in such cases devolve upon the
city attorney of an incorporated city or town
under the provisions of law applicable thereto.
It shall be within the discretion of the board
of trustees of any independent school district
to name an assessor of taxes who shall assess
the taxable property within the limits of the
independent school district within the time and
in the manner provided by existing laws, in so
far as they are applicable, and when said assess-
ment has been equalized by a board of equalization
appointed by the board of trustees for that pur-
pose, shall prepare the tax rolls of said district
and shall duly sign and certify same to the county
tax collector as provided for in the succeeding
article.   The said assessor of taxes shall receive
a fee of two per cent of the whole amount of taxes
assessed by him as shown by the completed certi-
fied tax rolls."

If, on the other hand, the Meridian Independent
School District desires the services of the county tax of-
ficials in the assessment and collection of its taxes, the
following provisions of Article 2792, Vernon's Annotated
Revised Civil Statutes of Texas, will apply:

"When a majority of the Board of Trustees
of an Independent District prefer to have the
taxes of their District assessed and collected by
the County Assessor and Collector, or collected
only by the County Tax Collector, same shall be
assessed and collected by said County Officers
and turned over to the Treasurer of the Independ-
ent School District for which such taxes have
been collected.   The property of such Districts
having their taxes assessed and collected by the
County Assessor and Collector may be assessed at
a greater value than that assessed for County and
State purposes, and in such cases the County Tax
Assessor and Collector shall assess the taxes for
said District on separate assessment blanks fur-
nished by said District and shall prepare the
rolls for said District in accordance with the
assessment values which have been equalized by a
Board of Equalization appointed by the Board of
Trustees for that purpose.   If said taxes are
assessed by a Special Assessor of the Independent

District and are collected only by the County Tax Collector, the County Tax Collector in such cases shall accept the rolls prepared by the Special Assessor and approved by the Board of Trustees as provided in the preceding Article. When the County Assessor and Collector is required to assess and collect the taxes of Independent School Districts he shall respectively receive one per cent (1%) for assessing, and one per cent (1%) for collecting same."

We feel sure that the school authorities of Meridian Independent School District are entirely familiar with the above statutes, and we can only advise, in the absence of a more specific question, that they may proceed to levy, assess and collect taxes of the newly created district, under the same procedure followed by them in levying, assessing and collecting taxes for said district prior to its consolidation with Midway District No. 63, Bosque County. Said consolidation of date June 4, 1940, does not in any way alter the procedure outlined by the above statutes for the levy, assessment and collection of taxes for independent school districts, or defeat the right of Meridian Independent School District to levy, assess and collect taxes in the amount voted, from persons and property of the old common school district for the current year.

Trusting the foregoing fully answers the question you intended to present, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 22, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

Pat M. Neff, Jr.
Assistant

PMN:jm


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN